**CIAN MONG DONG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.***

No. 08–3165–ag.

United States Court of Appeals, Second Circuit.

March 11, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

Vlad Kuzmin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Blair T. O'Connor, Assistant Director, John B. Holt, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Cian Mong Dong, a native and citizen of the People's Republic of China, seeks review of a May 29, 2008 order of the BIA denying his motion to reconsider. *In re Cian Mong Dong*, No. A95 687 527 (B.I.A. May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). The agency's regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

■ This Court has held that the BIA does not abuse its discretion by denying a motion to reconsider where the motion does no more than repeat arguments that the BIA has previously rejected. *Jin Ming Liu*, 439 F.3d at 111. Dong argues that the BIA erred by considering the IJ's flawed adverse credibility determination in denying his motion. However, as the Government argues, we may not review his challenge to the merits of the IJ's underlying adverse credibility finding because only the BIA's denial of his motion to reconsider is properly before us. *See* 8 U.S.C. § 1252(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90.

■ The BIA reasonably denied Dong's motion to reconsider because he failed to specify errors of fact or law in the agency's decision as required by 8 C.F.R. § 1003.2(b)(1). Indeed, he essentially repeated the same arguments he made in his motion to reopen. For example, Dong argued, as he had in his motion to reopen, that the village committee letter was previously unavailable. Moreover, the BIA did not abuse its direction in observing that nothing in Dong's motion rebutted the IJ's underlying credibility finding. *See* 8 C.F.R. § 1003.2(b)(1); *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir.2005) (per curiam); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir.2007).

Accordingly, the BIA did not abuse its discretion in denying Dong's motion to reconsider. *See Ke Zhen Zhao,* 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED.